CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 24, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BROOKE E.,                                  )
                                            )
         Plaintiff,                         )
                                            )
v.                                          )        Civil Action No: 7:25-cv-00152
                                            )
FRANK J. BISIGNANO,                         )
COMMISSIONER OF SOCIAL SECURITY,            )
                                            )
         Defendant.                         )

## OPINION AND ORDER

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on January 5, 2026, recommending that this court affirm the Commissioner's final decision. Dkt. 17. Plaintiff filed objections to the R&R and this matter is now ripe for consideration.  I overrule plaintiff's objections and adopt the magistrate judge's R&R in its entirety.

### I.    BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

### II.    DISCUSSION

#### A.  Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to

trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 587 U.S. at 103 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v.*

*Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## B. Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred in finding the ALJ properly considered the evidence documenting special accommodations given to plaintiff, in determining that the plaintiff engaged in substantial gainful activity.

2) The R&R erred in concluding the ALJ's error that plaintiff engaged in substantial gainful activity from April 1, 2023 through May 31, 2023, because the record does not show plaintiff earned wages during these two months, was harmless error.

3) The R&R erred in concluding substantial evidence supports the ALJ's RFC and assessment of plaintiff's mental impairments, because the ALJ failed to provide a logical explanation. Plaintiff argues that the ALJ did not consider the extent to which plaintiff actually performed the various activities the ALJ used to support his decision that plaintiff can work.

4) The R&R erred in concluding the ALJ's RFC addresses plaintiff's moderate limitations in the four mental functional areas, because the ALJ did not provide a logical explanation.

5) The R&R erred in finding substantial evidence supports the ALJ's RFC and assessment of plaintiff's physical impairments, because the ALJ cherry-picked evidence and did not provide a logical explanation for his conclusions. Specifically, plaintiff argues the ALJ ignored objective evidence in the record impacting plaintiff's ability to move around, stay on task, and attend work on a sustained basis. Plaintiff argues the ALJ failed to properly consider or explain whether the plaintiff's physical impairments would cause her pain and fatigue resulting in unacceptable time of task or work absences.

6) The R&R erred in concluding that the ALJ's finding that plaintiff could perform light work equals a finding that plaintiff could perform full-time work.

7) The R&R erred in concluding the ALJ's assessment of plaintiff's allegations is supported by substantial evidence.

8) The R&R erred in concluding the ALJ properly considered the extent plaintiff performed the daily activities used to support the ALJ's assessment of her allegations. Plaintiff argues the ALJ failed to explain how these activities mean that plaintiff can

perform full-time work. The R&R erred in finding plaintiff's case distinguishable from cases cited by plaintiff regarding the assessment of plaintiff's daily activities.

9) The R&R erred in concluding that plaintiff's working during some of the applicable time periods, as well as her performance of daily activities, support the ALJ's findings. Plaintiff argues that the ALJ improperly penalized plaintiff for engaging in daily activities and work attempts.

I have conducted a careful de novo review of plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.     CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt.18, are **DENIED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 17, is fully **ACCEPTED** and **ADOPTED**;

3. The decision of the Commissioner is **AFFIRMED**; and

4. A separate final judgment will be entered.

Entered:  March 24, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge